UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACLYN A. FISHER, STEPHANIE GRAVES, HEATHER HUFF, CHERYL KOMENDA, JOSETTE LABREC, JESSICA LOEPP, ANN MARKHAM-SIMMONS, BRENDA MATSON, CAROL MCNITT, MOHAMED KHOCHTALI, IRENE MENDOZA, MIKKI PERSON, MICHELLE STRAWN, ANNETTE VANSCHOYCK, JENNIFER ANDERSON, MAYRA BACKAN, LEAH BRACKEN, DANIELLE CARTER, CHARLOTTE CHAPMAN, CHALISE CROWDER, MONICA FIERRO, JENNIFER HARDIN, REBECCA JOHNSON, SHANNON KENYON, JENNIFER KOGOD, STEPHANIE LEATHAM, NADINE MANUEL, KERRI MCCLOUD, DONNA MUEHL, DAWN NEPSUND, NICOLE PETERSON, NATALIE REED, BEVERLY RICHESON, DAWN SANCHEZ, JAMIE LYN SCHULER, CATRINA STEWART, CHRISTINE VANDERHOFF, LATOYA WADE, CRISTIN WEST, LEMICUA WILSON, MYRIAM ZAYAS, and JANE or JOHN DOES 1-30,<br><br>Plaintiffs,<br><br>v.<br><br>CORINTHIAN COLLEGES, INC., a Washington corporation, d/b/a BRYMAN COLLEGE, TACOMA CAMPUS,<br><br>Defendant. | Case No. C05-5412FDB<br><br>ORDER GRANTING CORINTHIAN COLLEGES INC.'S MOTION TO COMPEL ARBITRATION OF SELECT PLAINTIFFS |

**INTRODUCTION**

Plaintiffs are forty-one Washington residents who attended the medical assistant program at Bryman College or its legal predecessor, Eton Technical Institute, between 2003 and 2005. Plaintiffs

ORDER - 1

assert that there were misrepresentations made, which enticed them to enroll at Bryman. This matter was removed from Pierce County Superior Court based on diversity jurisdiction, plaintiffs all being Washington residents and Defendant Corinthian Colleges, Inc. being a Delaware corporation with its principal place of business in California, and the amount in controversy exceeds $75,000.

Defendants move to compel arbitration of twenty-one select plaintiffs: (1) Pursuant to the terms of the arbitration provisions contained in their written enrollment agreements: Jaclyn A. Fisher, Stephanie Graves, Heather Huff, Cheryl Komenda, Josette Labrec, Jessica Loepp, Ann Markham-Simmons, Brenda Matson, Carol McNitt, Mohamed Khochtali, Irene Nevarez Mendoza, Mikki Person, Michelle Strawn, Annette Vanschoyck, Jennifer Kogod, Stephanie Leatham, Nadine Manuel, Nicole Peterson, Natalie Reed, and Lemicua Wilson; and (2) pursuant to the terms of the arbitration provision contained in her Sallie Mae Loan documents: Chalise Crowder.

Plaintiffs oppose arbitration arguing that (1) no authority has been cited for the proposition that an arbitration clause in a for-profit career college enrollment agreement affects interstate commerce and triggers coverage under the Federal Arbitration Act, 9 U.S.C. § 1-16 (F.A.A.); (2) no notice pursuant to RCW 7.04.060 was served upon the plaintiffs indicating Bryman's intention to arbitrate, rather, it simply filed its motion to compel arbitration; (3) the public policy against fraud in connection with the provision of educational services outweighs the public policy in favor of arbitration; (4) Plaintiff Crowder contends that the Sallie Mae Loan agreement, which contains an arbitration clause cannot force her to arbitrate with Bryman and because it is Sallie Mae should not be deciding whether Crowder will have to pay costs of arbitration; and (5) there is no showing that plaintiffs have made a knowing voluntary, and intelligent waiver of their constitutional right to jury trial.

ORDER - 2

**ANALYSIS AND CONCLUSION**

**1.** There is a sufficient interstate commerce connection to conclude that the Federal Arbitration Act applies to the transactions in this case. The United States Supreme Court has stated as follows with respect to whether a contract or transaction affects interstate commerce:

> We have interpreted the term "involving commerce" in the FAA as the functional equivalent of the more familiar term "affecting commerce" – words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power.

*The Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003). Although the specific transaction, by itself may not have an effect on interstate commerce, the F.A.A. may still apply:

> Congress' Commerce Clause power "may be exercised in individual cases without showing any specific effect upon interstate commerce" if in the aggregate the economic activity in question would represent "a general practice ... subject to federal control."

*Id.* at 56-57. Congress may regulate private vocational schools and it does so under Chapter 32 of Title 20 U.S.C. "Vocational Education." The U.S. Department of Education's Student Financial Aid Program is administered under Title IV of the U.S. Code and the Higher Education Act, 20 U.S.C. § 1071. The Department of Education regulates national accrediting agencies, who establish standards for private vocational schools. Bryman has campuses in four different states and Corinthian Colleges operates in at least twenty-four states. The multi-state nature of Corinthian and Bryman sufficiently indicates that the transactions at issue herein involve interstate commerce and implicate the F.A.A. *See Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265 (1995)(multi-state nature of parent company was sufficient indication that transaction involved interstate commerce to implicate F.A.A.) The facts and relevant authorities demonstrate that the F.A.A. applies in this case.

**2.** Allegations of fraud or fraudulent inducement to contract do not render the agreement unenforceable under the circumstances of this case. The United States Supreme Court in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402 -04 (1967) explained as follows:

ORDER - 3

> Having determined that the contract in question is within the coverage of the Arbitration Act we turn to the central issue in this case: whether a claim of fraud in the inducement of the entire contract is to be resolved by the federal court, or whether the matter is to be referred to the arbitrators. ... Under § 4 [of the FAA], with respect to a matter within the jurisdiction of the federal courts save for the existence of an arbitration clause, the federal court is instructed to order arbitration to proceed once it si satisfied that "the making of the agreement for arbitration or the failure to comply [with th arbitration agreement] is not in issue. **Accordingly, if the claim is fraud in the inducement of the arbitration clause itself – an issue which goes to the making of the agreement to arbitrate – the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.**

Here, Plaintiffs' claims are unrelated to the arbitration agreement. Plaintiffs claims relate to alleged misrepresentations concerning accreditation, transferability of credits, instructor quality, externships, post-graduation job placement. There are no allegations made about specific misrepresentations made about the Arbitration Agreement itself.

**3.** Sufficient notice of Bryman's intent to arbitrate was provided by the filing of the motion to compel arbitration. First, a state statute cannot preclude arbitration where as here the Federal Arbitration Act pre-empts state law. *Allied-Bruce Terminix Cos., Inc.*, 513 U.S. at 272. The motion to compel operates to serve notice on the plaintiffs of Bryman's intent to arbitrate and to give the plaintiffs an opportunity to object, which they have.

**4.** Because the F.A.A. applies to Plaintiffs' claims, state public policy arguments cannot invalidate the arbitrations agreements. *See, e.g., Allied-Bruce Terminix Cos. Inc.*, 513 U.S. at 272.

**5.** Plaintiffs made a knowing, voluntary, and intelligent waiver of their constitutional right to a jury trial. Each of the Plaintiffs signed his or her Enrollment Agreement in two different places – once to generally accept the terms of the Agreement, and again, to specifically acknowledge and accept the terms of the mandatory arbitration provision. (<u>See</u> Declaration of Rogers, Ex. 1-20.) The language in the waiver is written plainly and clearly (see quoted language in Defendant's motion to compel and in reply), there is no showing that Plaintiffs did not have an opportunity to read these provisions or that they were pressured into signing them.

ORDER - 4

**6**. Plaintiff Crowder's claims must be arbitrated. Crowder argues that she may have to pay arbitration costs and will be precluded from seeking attorneys' fees. Crowder offers no specific information about arbitration fees that she will be required to pay nor how the fees would effectively prohibit her from bringing her claims. Crowder has not shown that the costs are prohibitive, and, in any event, there is a provision under the Agreement that she may request the American Arbitration Association to waive the costs or that Defendant pay her portion of the costs.

Crowder also argues that the arbitration agreement prohibits her from seeking attorneys' fees under her Consumer Protection Act claim. This is not necessarily true. There is a presumption under Washington law that the arbitrator would not disregard established case law holding that a prevailing party on a Consumer Protection Act claim is entitled to legal fees. As in *Zuver v. AirTouch Communications*, 153 Wn.2d 293, 103 P.3d 753 (2004), Plaintiffs have failed to make other than a speculative showing on the costs and fees issues.

Accordingly, for the foregoing reasons, Corinthian Colleges, Inc.'s Motion to Compel Arbitration must be granted.

NOW, THEREFORE,

IT IS ORDERED:

1. Defendant Corinthian Colleges, Inc.'s Motion To Compel Arbitration of Select Plaintiffs (Dkt. # 8) is GRANTED as to the following plaintiffs: Jaclyn A. Fisher, Stephanie Graves, Heather Huff, Cheryl Komenda, Josette Labrec, Jessica Loepp, Ann Markham-Simmons, Brenda Matson, Carol McNitt, Mohamed Khochtali, Irene Nevarez Mendoza, Mikki Person, Michelle Strawn, Annette Vanschoyck, Jennifer Kogod, Stephanie Leatham, Nadine Manuel, Nicole Peterson, Natalie Reed, Lemicua Wilson, and Chalise Crowder.

ORDER - 5

2. The foregoing named plaintiffs shall submit their claims to arbitration, and their claims in this action are DISMISSED pursuant to the terms of the arbitration provisions contained in their written enrollment agreements as to all the above-named except Chalise Crowder, whose claims are DISMISSED pursuant to the terms of the arbitration provision contained in her Sallie Mae loan documents.

DATED this 9th day of August, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6